IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ANTONY CARNELL KNIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 321-030 ) |
| JACOB BEASLEY; COUNSELOR VERONICA STEWART; COUNSELOR PATRICIA WILCOX; CERT COMMANDER HUNT; LT. KAREN THOMAS; COUNSELOR VICKERS; and CHIEF COUNSELOR CYNTHIA STEWERT, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, incarcerated at Telfair State Prison ("TSP"), is proceeding *pro se* and *in forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983. On July 6, 2021, the Court recommended dismissing the case without prejudice because Plaintiff failed to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms, as well as an amended complaint, as directed by the Court. (See doc. nos. 11, 12.) Prompted by the recommendation for dismissal, Plaintiff belatedly submitted the required financial papers and amended complaint. (See doc. nos. 15-17.) The Court vacated it July 6th recommendation for dismissal and assessed an initial partial filing fee, which Plaintiff has now paid.

In directing Plaintiff to file an amended complaint, (see doc. no. 11), the Court explained Plaintiff commenced this case by submitting a complaint, dated approximately seven months prior to filing, on a form used in the Northern District of Georgia. (See doc. no. 1.) After the case was transferred to this District, (see doc. nos. 4-6), Plaintiff submitted a motion to amend his complaint, (doc. no. 9). Because Plaintiff did not submit his original or proposed amended claims on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, he had not provided the information that the Southern District requires. The Court further explained Plaintiff was entitled to amend his complaint once as a matter of right under Fed. R. Civ. P. 15(a), but he could not do so in the piecemeal fashion he proposed. (Doc. no. 11, p. 4 (citation omitted).)

The Court went on to provide explicit instructions for the required amended complaint and cautioned Plaintiff he must include, *inter alia*, (1) all matters he wishes the Court to consider in that one document, and (2) specific information such as the date and person involved in the alleged misconduct. (Id. at 4-5.) The Court also specifically cautioned: "[N]o portion of any prior pleading shall be incorporated into his amended complaint by reference." (Id. at 6.) The Court warned Plaintiff that if he failed to submit an amended complaint in accordance with the provided instructions, the Court would presume Plaintiff desires to voluntarily dismiss his case. (Id. at 7.)

Plaintiff's amended complaint did not comply with the Court's instructions. Plaintiff provided no information in the section asking for information about when and where his claims arose. (Doc. no. 17, p. 4.) In response to the question regarding the date and time of the events giving rise to his claims, Plaintiff wrote, "Same as addressed before," and as to the

question about facts underlying his claim, Plaintiff wrote, "Same as state[d] twice before." (Id. at 5.)  Plaintiff did not list any injuries and requested no relief.  (Id.)

Plaintiff's responses clearly run afoul of the instructions previously provided, as described above, that Plaintiff may not incorporate portions of prior pleadings and must provide specific factual information about his claims.  Moreover, the original complaint addressed a claim regarding Plaintiff's concerns about safety at TSP, and the only date included was the date Plaintiff filed a grievance.  (Doc. no. 1, p. 4.)  In the first proposed amended complaint, Plaintiff discussed a medical emergency in March of 2020, but did not explain how any named Defendant was involved in his medical care, and Plaintiff did not provide any dates regarding alleged threats to his safety.  (See doc. no. 9-1.)

Under Federal Rule of Civil Procedure 8(a), Plaintiff must proffer a short and plain statement (1) detailing the Court's jurisdiction, (2) showing that he is entitled to relief, and (3) demanding judgment for the relief that he seeks.  Plaintiff's refusal to comply with the Court's instructions regarding an amended complaint leaves the Court faced with the prospect of a stagnant case that cannot move forward because Plaintiff has not provided the factual basis for his claim(s), does not claim any injury, and makes no demand for relief.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their

3

dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, the Court ordered Plaintiff to submit an amended complaint on the standard prisoner complaint form used by incarcerated litigants in the Southern District of Georgia and provided explicit instructions regarding the information that had to be included. (See doc. no. 11.) Furthermore, the Court warned Plaintiff that failing to submit the required amended complaint would be an election to have the case dismissed without prejudice. (See id. at 7.)

As described above, Plaintiff's amended complaint submitted in response to the Court's instructions demonstrates willful failure to comply with the terms of the Court's prior order. (See doc. no. 17.) This Court will not allow a case to languish on its docket because a litigant fails to comply with the most basic instructions for informing the Court of the factual basis for his claim(s), Defendants' alleged role in such claim(s), his injury, and the relief sought. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1]  See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007).  Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it.  See Equity Lifestyle Props., Inc., 556 F.3d at 1240 (citing Fed. R. Civ. P. 41(b) and recognizing Court's inherent authority to manage its docket by dismissing claims to achieve orderly disposition of cases); Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (*per curiam*) (finding no abuse of discretion where case dismissed without prejudice, allowing for party to refile, based on failure to comply with one court order).

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice for Plaintiff's failure to comply with the Court's prior order regarding submission of an amended complaint meeting the basic pleading requirements of the Federal Rules of Civil Procedure.

SO REPORTED and RECOMMENDED this 15th day of September, 2021, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).