IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ANTONY CARNELL KNIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 321-030 |
| ) | |
| JACOB BEASLEY; ) | |
| COUNSELOR VERONICA STEWART; ) | |
| COUNSELOR PATRICIA WILCOX; ) | |
| CERT COMMANDER HUNT; ) | |
| LT. KAREN THOMAS; ) | |
| COUNSELOR VICKERS; and ) | |
| CHIEF COUNSELOR CYNTHIA STEWERT, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. In lieu of objections, Plaintiff submitted an amended complaint. (Doc. no. 22.) The Magistrate Judge recommended dismissing the case because after Plaintiff had been provided specific instructions regarding amending his claims on the form used by prisoner litigants in the Southern District of Georgia, he refused to comply with the Court's instructions. (See doc. no. 20.) Indeed, contrary to Federal Rule of Civil Procedure 8(a), Plaintiff's first amended complaint did not provide a factual basis for any claim, did not claim any injury, and made no demand for relief. (Id. at 2-3 (reviewing doc. no. 17).) Thus, the Magistrate Judge

correctly concluded Plaintiff's amended complaint demonstrated willful failure to comply with the terms of the order providing instructions on amending Plaintiff's claims, and recommended dismissal without prejudice.

Faced with the prospect of dismissal, Plaintiff filed a second amended complaint. (Doc. no. 22.) This latest iteration of Plaintiff's claims does not change the conclusion the case is due to be dismissed. First, the Court is under no obligation to consider new information not first presented to the Magistrate Judge. Frone v. JP Morgan Chase & Co., 695 F. App'x 468, 472 (11th Cir. 2017) (*per curiam*) (concluding district judge has broad discretion in considering argument not presented to magistrate judge); Williams v. McNeil, 557 F.3d 1287, 1290-91 (11th Cir. 2009) (same). The Court chooses not consider Plaintiff's new information here because Plaintiff (1) was given ample opportunity and instruction on how to submit his claims, (2) as explained by the Magistrate Judge willfully refused to comply, and (3) only belatedly submitted another iteration of his claims that included minimal factual detail.

Second, even if the Court did consider the information, Plaintiff's allegations do not satisfy the three elements of a "failure-to-protect" claim against each named Defendant. To state such a claim, a plaintiff must allege three elements: (1) incarceration "under conditions posing a substantial risk of serious harm"; (2) a "prison official [had] a sufficiently culpable state of mind, amounting to deliberate indifference," which exists when a defendant "knows of and disregards an excessive risk to inmate health or safety"; and (3) the alleged constitutional violation caused the plaintiff's injury. Cox v. Nobles, -F.4th-, No. 20-11425, 2021 WL 4839607, at *5 (11th Cir. Oct. 18, 2021) (internal citations omitted). Here, Plaintiff generally states he feared for his life from unidentified gang members, and various

Defendants did not sufficiently investigate his claims of potential harm. (Doc. no. 22, pp. 4-5, 7.) Such conclusory assertions fall far short of the factual specificity necessary to state a viable failure-to-protect claim.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case without prejudice, and **CLOSES** this civil action.

SO ORDERED this 27th day of October, 2021, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE